UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINDEN PICTURES, INC., <br><br> Plaintiff, <br><br> -v- <br><br> GRUPO TELEVISA, S.A.B., et ano, <br><br> Defendants. | 23-cv-10310 (JSR) <br><br> OPINION |

JED S. RAKOFF, U.S.D.J.:

On January 22, 2024, defendant Grupo Televisa, S.A.B. filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim. See Notice of Def. Mot. to Dismiss, ECF No. 20. After holding oral argument on the motion, the Court permitted plaintiff Minden Pictures, Inc. to file an amended complaint to attempt to cure the issues with its original complaint that defendant had identified. Accordingly, plaintiff filed an amended complaint, and defendant then promptly renewed its motion to dismiss for lack of personal jurisdiction. See First Am. Compl. ("FAC"), ECF No. 29; Def. Mem. of Law in Further Supp. of Mot. to Dismiss, ECF No. 30. Upon due consideration of the parties' written submissions, the Court granted the motion to dismiss defendant Grupo Televisa for lack of personal jurisdiction in a "bottom-line" order dated June 20, 2024. See 6/20/24 Order, ECF No. 36. This Opinion reconfirms that order and explains the reasons for that ruling.

1

I.  **Plaintiffs' Allegations**[1]

Plaintiff Minden Pictures, Inc., a California corporation, is the exclusive licensee of two copyrighted photographs, one by Cyril Ruoso and another by Fred Bevendam, that are registered with the United States Copyright Office. FAC, ¶¶ 2, 34-41. Plaintiff alleges that Editorial Televisa S.A. de C.V. published two articles containing plaintiff's copyrighted photographs on two websites (www.muyinteresante.com and noticerios.televisa.com), all without plaintiff's permission. Id. ¶¶ 11-12, 44-46. Plaintiff then sued defendant Grupo Televisa, the Mexico-based parent company of Editorial Televisa, for copyright infringement. Id. ¶¶ 52-60.[2]

II. **Legal Standard**

On a motion to dismiss for lack of personal jurisdiction, "plaintiff bears the burden of establishing personal jurisdiction over the defendant" by "mak[ing] a prima facie showing" that personal jurisdiction is proper. MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012).[3] In general, on a motion to dismiss, the Court must "accept[] all factual allegations in the complaint as true, . . .

---

[1] For purposes of resolving this motion, the Court draws all allegations from the amended complaint. The Court also recounts only those allegations and claims that are relevant to the defendant that filed this motion -- Grupo Televisa.

[2] The amended complaint also names TelevisaUnivision, Inc. as a co-defendant, but that defendant has not moved to dismiss.

[3] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

2

drawing all reasonable inferences in the plaintiff's favor." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). However, the Court does not need to "accept[] as true a legal conclusion couched as a factual allegation nor allegations controverted by the defendant's affidavits that place the prima facie case in issue." Zurich Am. Life Ins. Co. v. Nagel, 571 F. Supp. 3d 168, 175 (S.D.N.Y. 2021). Accord Pablo Star Ltd. v. Welsh Gov't, 170 F. Supp. 3d 597, 605 (S.D.N.Y. 2016); Allojet PLC v. Vantage Assocs., No. 04 Civ. 05223, 2005 WL 612848, at *3 (S.D.N.Y. Mar. 15, 2005). Here, plaintiff has chosen to rest on the allegations in its amended complaint. Accordingly, to the extent that defendant has submitted competent evidence refuting those allegations, the Court is not required to accept plaintiff's allegations as true for purposes of resolving this motion.

## III. Discussion

Plaintiff asserts that jurisdiction is proper under either New York's long-arm statute or Federal Rule of Civil Procedure 4(k)(2). For the reasons explained below, the Court finds that plaintiff has failed to show that personal jurisdiction is proper under either provision.

### a. Specific Jurisdiction Under New York's Long Arm Statute

"In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process." PDK Labs, Inc. v. Friedlander, 103

3

F.3d 1105, 1108 (2d Cir. 1997). Here, "[t]he Copyright Act does not provide for nationwide service of process"; accordingly, the Court must look to New York's long-arm statute to determine whether the exercise of personal jurisdiction is statutorily authorized. Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000). If and only if New York's long-arm statute statutorily authorizes the exercise of personal jurisdiction over the defendant, the Court then must analyze "whether exercising personal jurisdiction" in this case "comport[s] with due process." Edwardo v. Roman Cath. Bishop of Providence, 66 F.4th 69, 73 (2d Cir. 2023).

Plaintiff asserts that specific jurisdiction is proper under either Section 302(a)(1) or Section 302(a)(2) of New York's long-arm statute.[4] For the reasons discussed below, the Court finds that neither

---

[4] Plaintiff has waived any argument that Section 302(a)(3) authorizes the exercise of personal jurisdiction because plaintiff failed to brief that issue. See Pl. Opp'n to Mot. to Dismiss, at 9-14, ECF No. 32. However, even absent that waiver, personal jurisdiction would not be proper under Section 302(a)(3) of New York's long-arm statute. In relevant part, this provision requires, inter alia, "(1) [t]he plaintiff [to] state[] a colorable claim that the defendant committed a tortious act outside the state; (2) the cause of action arose from that act; [and] (3) the act caused injury to a person or property within the state." Nat'l Union Fire Ins. Co. of Pittsburgh v. UPS Supply Chain Sols., Inc., 74 F.4th 66, 72 (2d Cir. 2023). Plaintiff has failed to adequately allege two of these elements. First, plaintiff has failed to allege the first element because the amended complaint repeatedly alleges (albeit in a conclusory fashion) that the torts were committed in New York. FAC, ¶¶ 6, 26-31. Second, plaintiff has failed to allege the third element because plaintiff's allegations of harm in this district are conclusory and as a legal matter "the situs of [plaintiff's] injury" is California since plaintiff is a California corporation. Troma Ent. v. Centennial Pictures Inc., 729 F.3d 215, 219 (2d Cir. 2013) (In certain cases where "copyright infringement [is] accomplished by uploading to the Internet," "the situs of the injury [is] the location of the copyright owner."); FAC, ¶¶ 2, 6.

4

section authorizes the exercise of specific jurisdiction, and because specific jurisdiction is not statutorily authorized, the Court does not reach the question of whether the exercise of personal jurisdiction in this case would be consistent with due process.

### i. Section 302(a)(1)

First, New York's long-arm statute authorizes "personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" when the "cause of action aris[es] from" the transaction of that business in New York. N.Y. C.P.L.R. § 302(a)(1). Thus, "in determining whether personal jurisdiction may be exercised under [S]ection 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 60 (2d Cir. 2012).

The first element requires "purposeful activity," meaning "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Spetner v. Palestine Inv. Bank, 70 F.4th 632, 639 (2d Cir. 2023). To start, the amended complaint alleges that defendant's subsidiary Editorial Televisa, which purportedly published the two infringing websites, "markets and

5

distributes Spanish-language magazines in Mexico and here in New York." FAC, ¶ 11. That allegation, however, is insufficient to establish that defendant Grupo Televisa transacted business in New York. This is because it is well-established that "the mere presence of a subsidiary in New York does not elevate the parent corporation's contacts with the state to the requisite level." Creative Photographers, Inc. v. Grupo Televisa, S.A.B., No. 23-cv-7106, 2024 WL 1533189, at *8 (S.D.N.Y. Apr. 8, 2024).

Next, with respect to the allegedly infringing websites, the amended complaint alleges that the first website, noticierios.televisa.com, "promotes [defendant's] Mexican and international news products, recently rebranded as N+, and available through [defendant's] streaming service to New York consumers." FAC, ¶ 12. Then, with respect to the second website, muyinteresante.com, the amended complaint alleges that that website "offers a digital version [of defendant's] popular science publication by that name, as well [as] subscriptions of the print version of the publication which can be purchased by New York consumers" on the website. Id. Finally, the amended complaint alleges in a conclusory fashion that both websites "reproduce[], distribute[], and publicly display[]" content "to consumers in New York." Id. ¶ 13.

There are two main problems with these allegations with respect to New York long-arm jurisdiction. The first problem is that these allegations are directly refuted by the declaration of Lilliana Martinez Vela, Legal Director of Corporate Finance at Grupo Televisa,

6

which states that Grupo Televisa does not control the website, noticierios.televisa.com, and that subscriptions to muyinteresante.com.mx (the website where one of the articles was posted, per the screenshot included in the amended complaint) are not available in the United States and that the print version is "not distributed in the United States." Vela Decl., ¶¶ 14, 17, 21-22, ECF No. 21; see also FAC, ¶ 44. Accordingly, without proof to the contrary, plaintiff cannot rest on the allegations in its amended complaint about these websites to establish personal jurisdiction.

The second problem with plaintiff's allegations about the websites is a follow-on to the first. Because there are no unrefuted allegations that the websites are interactive with U.S. consumers, let alone any allegations that New York consumers actually transacted business through these websites, "the mere availability of the site[s] to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a)." Megna v. Biocomp Lab'ys Inc., 166 F. Supp. 3d 493, 498 (S.D.N.Y. 2016); see also Freeplay Music, Inc. v. Cox Radio, Inc., No. 04 Civ. 5238, 2005 WL 1500896, at *7 (S.D.N.Y. June 23, 2005); Creative Photographers, 2024 WL 1533189, at *7-8. The Court therefore concludes that plaintiff cannot use its allegations about the websites themselves to establish that defendant transacted business in New York.

However, plaintiff has adequately alleged that defendant transacted business in New York through its business dealings with Univision Holdings, Inc., Univision Communications, Inc., and

7

co-defendant TelevisaUnivision. See FAC, ¶¶ 15-20.[5] Specifically, the amended complaint avers that defendant "contracted with Univision Communications, Inc.," which is "headquartered" in New York, "to reproduce, distribute, and publicly display [Grupo Televisa's] Spanish language content to New York residents in New York and other consumers of Spanish language content throughout the United States," even going so far as to publicize in a press release that its "audiovisual content is distributed through Univision Communications Inc." Id. ¶¶ 15, 17. The amended complaint further alleges that defendant "contracted with the New York based company Univision Holdings, Inc., the controlling company of Univision Communications, Inc., to obtain equity and warrants for equity in Univision Holdings, Inc., giving [Grupo Televisa] an ability to control and benefit from the actions of Univision Communications, Inc., including the distribution of Spanish language content to consumers in the United States, including consumers residing in New York." Id. ¶ 16. Finally, the amended complaint alleges that "in or about April 2021, [defendant] announced" it was "merg[ing] its content and media assets with the New York entity Univision

---

[5] The Court notes, however, that the allegations bearing on this aspect in paragraphs 6, 14, and 20 are merely conclusory and thus insufficient to establish personal jurisdiction. See FAC, ¶¶ 6, 14, 20; DeLorenzo v. Viceroy Hotel Grp., LLC. 757 F. App'x 6, 8 (2d Cir. 2018) ("Conclusory non-fact-specific jurisdictional allegations or legal conclusions couched as a factual allegation will not establish a prima facie showing of jurisdiction."); Berdeaux v. OneCoin Ltd., 561 F. Supp. 3d 379, 395 (S.D.N.Y. 2021) ("A plaintiff, however, 'must make allegations establishing jurisdiction with some factual specificity and cannot establish jurisdiction through conclusory assertions alone.'" (quoting Cont'l Indus. Grp. v. Equate Petrochemical Co., 586 F. App'x 768, 769 (2d Cir. 2014)).

Communications, Inc." to create TelevisaUnivision, Inc., which "produces, creates, distributes, and publicly displays Spanish-speaking content through several broadcast channels in the US, including New York." Id. ¶¶ 18, 19. These allegations are more than sufficient to establish the first prong of New York long-arm jurisdiction.

The problem for plaintiff, however, is that these business transactions are not at all related to the infringements at issue here. That is because for "[a] claim [to] arise[] from a particular transaction" and satisfy the second element of Section 302(a)(1), there must be "some articulable nexus between the business transacted and the cause of action sued upon, or . . . there [must be] a substantial relationship between the transaction and the claim asserted." Edwardo, 66 F.4th at 76. Although this standard "is relatively permissive," id., plaintiff still must show "'a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim.'" Creative Photographers, 2024 WL 1533189, at *7 (quoting Licci v. Lebanese Canadian Bank, 984 N.E.2d 893, 900 (N.Y. 2012)). That standard is not satisfied here.

To begin with, all of plaintiff's direct allegations about such relatedness are entirely conclusory. See FAC, ¶¶ 6, 23-25. Additionally, the only business transactions in New York that are adequately alleged in the amended complaint are with Univision Communications, Univision Holdings, and TelevisaUnivision, but the

9

purportedly infringing websites are alleged to have been published by an <u>entirely different</u> entity, Editorial Televisa. <u>See</u> <u>id.</u> ¶¶ 11, 15-20. Thus, plaintiff's own allegations illustrate that the business transactions with Univision and TelevisaUnivision are unrelated to websites published by an entirely different entity. Finally, defendant has put forward unrefuted evidence that establishes that defendant's business transactions in New York are not related to the allegedly infringing websites. The two declarations from Ms. Vela make clear that defendant Grupo Televisa has not entered any "contracts or transactions with TelevisaUnivision or Univision concerning the allegedly infringing content at issue in this lawsuit or the two accused websites" and has no contracts with any entities in New York related to the two relevant websites. <u>See</u> Vela Decl., ¶¶ 12, 16; Vela Reply Decl., ¶¶ 5-7, ECF No. 26. Thus, because plaintiff has failed to sufficiently allege or show that any business transaction that defendant conducted in New York is related to the infringing websites from which plaintiff's copyright claim arises, plaintiff cannot show that personal jurisdiction is proper under Section 302(a)(1).

### ii. Section 302(a)(2)

The Court now turns to Section 302(a)(2) of New York's long-arm statute. This section authorizes "personal jurisdiction over any-domiciliary, or his executor or administrator, who in person or through an agent . . . commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act."

N.Y. C.P.L.R. § 302(a)(2). "[F]or jurisdiction to attach under this subsection, a defendant's tortious act must have occurred while the defendant [or its agent] was physically present in New York." Krisko v. Marvel Ent., LLC, 473 F. Supp. 3d 288, 299 (S.D.N.Y. 2020).

Here, plaintiff argues that it has adequately alleged that personal jurisdiction is proper under N.Y. C.P.L.R. § 302(a)(2) based on the acts of defendant's agents in New York. To address this argument, the Court briefly recounts the relevant allegations in the amended complaint. The amended complaint alleges that defendant "commit[s] torts in [New York] . . . through affiliates, agents, related companies, and/or subsidiaries, including, but not limited to Univision Communications, Inc., Univision Holdings, Inc., or [TelevisaUnivision]" by: (1) "ma[king], on numerous occasions, unlawful copies of the copyrighted works at issue in this litigation on computer systems here in New York that are substantially owned and controlled by [defendant], or its affiliates, agents, related companies, and/or subsidiaries"; (2) "distribut[ing], on numerous occasions, unlawful copies of the Copyrighted Works at issue in this litigation from and to computers here in New York, not only computers at [TelevisaUnivision], which are substantially owned by [defendant], but also computers of consumers of [defendant's] Spanish-language content here in New York"; and (3) "publicly displaying unlawful copies of the copyrighted work at issue in this litigation on the screens of computers and devices here in New York, devices and machines at the offices of [TelevisaUnivision] as well as devices and machines of

11

consumers in New York." FAC, ¶¶ 26-27, 29. The Court finds that these allegations are insufficient to establish jurisdiction over Grupo Televisa under Section 302(a)(2).

The first problem for plaintiff is that Grupo Televisa has submitted uncontroverted evidence rebutting plaintiff's allegations that Grupo Televisa controls computer systems in New York through which it is accomplishing the alleged infringement. Specifically, defendant's declaration states that Grupo Televisa "does not own or control computer systems here in New York" and "does not operate off of computer servers in New York." Vela Decl., ¶ 9. Thus, without the allegation that Grupo Televisa controls computer systems here in New York, all that plaintiff is left with is the allegation that its copyrighted works are being "publicly display[ed] . . . on the screens of computers and devices here in New York, devices and machines at the offices of [TelevisaUnivision] as well as devices and machines of consumers in New York." FAC, ¶ 29; see also id. ¶ 28 (similar). At best then, the amended complaint alleges that defendant's actions led to consumers and entities in New York being able to see and access the copyrighted works on their computers in New York. But "Courts have held that in the case of web sites displaying infringing material the tort is deemed to be committed where the web site is created and/or maintained." Freeplay Music, Inc., 2005 WL 1500896, at *7; see also DH Servs., LLC v. Positive Impact, Inc., No. 12 Civ. 6153, 2014 WL 496875, at *10-11 (S.D.N.Y. Feb. 5, 2014). And here plaintiff has not alleged that the infringing websites were maintained or created in New

12

York, only that "[t]he Infringing Websites are believed to be hosted from servers owned or controlled by [Grupo Televisa] or [TelevisaUnivision] and located in the *United States*." FAC, ¶ 13 (emphasis added). Accordingly, the ability of individuals and entities to access the copyrighted works in New York does not provide a sufficient hook for personal jurisdiction.

Furthermore, plaintiff has not adequately alleged that Grupo Televisa acted through its agents to commit copyright infringement in New York. "'To be considered an agent for jurisdictional purposes, the alleged agent must have acted in the state for the benefit of, and with the knowledge and consent of the non-resident principal,' and the principal must also have 'some control over the agent.'" Krisko, 473 F. Supp. 3d at 299 (quoting CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 366 (2d Cir. 1986)). That standard has not been satisfied here.

To begin with, the amended complaint fails to adequately allege that GrupoTelevisa exercised the requisite level of control over Univision or TelevisaUnivision with respect to the alleged infringement at issue here, as the case law requires. See Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467 (N.Y. 1988); GEM Advisors, Inc. v. Corporacion Sidenor, S.A., 667 F. Supp. 2d 308, 319 (S.D.N.Y. 2009); Krisko, 473 F. Supp. 3d at 300. Instead, the amended complaint alleges only that defendant was the "largest shareholder" of TelevisaUnivision and that its ownership of "equity in Univision Holdings, Inc." gave defendant the "ability to control and benefit from the actions of Univision Communications, Inc., including the distribution of Spanish

13

language content to consumers in the United States, including consumers residing in New York." FAC, ¶¶ 16, 19-20. Worse yet for plaintiff, the unrefuted evidence from defendant's declaration establishes that defendant does <u>not</u> exercise control over TelevisaUnivision or Univision. Specifically, defendant's declaration states that Grupo Televisa "has no management, authority, or control over TelevisaUnivision," and "does not control a New York based company known as 'Univision.'" Vela Decl., ¶ 11. In sum, plaintiff has failed to make a prima facie showing that there is an agency relationship between Grupo Televisa and any of its affiliates to support the exercise of personal jurisdiction under Section 302(a)(2).

The Court therefore finds that personal jurisdiction over Grupo Televisa is not authorized under Section 302(a)(2) of New York's long-arm statute.

### b. Federal Rule of Civil Procedure 4(k)(2)

Because the Court finds that personal jurisdiction is not authorized under New York's long-arm statute, the Court now turns to plaintiff's argument that there is personal jurisdiction over Grupo Televisa under Federal Rule of Civil Procedure 4(k)(2). This rule permits "the exercise of personal jurisdiction by a federal district court when three requirements are met: (1) the claim must arise under federal law; (2) the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction must be consistent with the United States Constitution

14

and laws." Porina v. Marward Shipping Co., 521 F.3d 122, 127 (2d Cir. 2008); see also Fed. R. Civ. P. 4(k)(2).[6] Although plaintiff's copyright claim plainly arises under federal law, plaintiff has not satisfied the second element.

"In this Circuit, plaintiffs need to certify that the foreign defendants are not subject to jurisdiction in any other state to meet the second requirement of Fed. R. Civ. P. 4(k)(2)." In re SSA Bonds Antitrust Litig., 420 F. Supp. 3d 219, 240 (S.D.N.Y. 2019); accord Astor Chocolate Corp. v. Elite Gold Ltd., 510 F. Supp. 3d 108, 134 (S.D.N.Y. 2020); Creative Photographers, 2024 WL 1533189, at *14. Here, plaintiff has not provided such a certification. See, e.g., Wave Studio, LLC v. trivago N.V., No. 23-cv-3586, 2023 WL 3720079, at *6 (S.D.N.Y. May 30, 2023). Instead, plaintiff alleges, in a conclusory fashion, in its amended complaint that defendant "does not have a headquarters in the United States and is not subject to general jurisdiction in the United States." FAC, ¶ 8. That is not a certification, as the amended complaint is not verified and thus not filed under the penalty of perjury. Cf. N.Y. C.P.L.R. § 3020(a).

---

[6] The Court notes, for the sake of clarity, that plaintiff has only used the allegation in its amended complaint that "[p]ersonal jurisdiction is further proper over [Grupo Televisa] because, on September 14, 2023, copies of the summons and complaint were delivered by hand to [Grupo Televisa's] agent for service of process here in New York, CT Corporation System Inc.," to argue that jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2). FAC, ¶ 7; see also Pl. Opp'n at 7-8, 14. Plaintiff did not argue that Grupo Televisa's acceptance of service in this jurisdiction is in and of itself a basis for the exercise of personal jurisdiction. The Court accordingly will not address that issue.

Because a conclusory allegation in an unverified complaint is worlds apart from a certification, plaintiff has not satisfied the second element and thus has not shown it is proper to exercise jurisdiction under Federal Rule of Civil Procedure 4(k)(2).

## IV. Conclusion

For the reasons explained above, the Court by Order dated June 20, 2024, dismissed the amended complaint as against defendant Grupo Televisa without prejudice to plaintiff potentially refiling its lawsuit against defendant Grupo Televisa in another jurisdiction if such is lawfully available.[7] The Clerk of Court is respectfully directed to terminate Grupo Televisa as a defendant in this case. The case continues as to defendant TelevisaUnivision, Inc., a New York entity, that was not a party to the instant motion.

New York, NY  
June 27, 2024

JED S. RAKOFF, U.S.D.J.

---

[7] Plaintiff will not be granted leave to amend its complaint in this Court again because plaintiff has failed to correct the deficiencies that were already brought to its attention in defendant's original motion to dismiss. Leave to amend further in this Court would thus be futile.

16